IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| RONNIE LEE ALSTON, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-15-2635 |
| THOMAS P. DORE and CHARLES HIRSCH, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Ronnie Lee Alston, a self-represented plaintiff, filed this Complaint on September 4, 2015, accompanied by a Motion to Proceed in Forma Pauperis. He will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) because his financial affidavit indicates that his only source of income is disability payments. For the reasons that follow, the Complaint must be dismissed.

Plaintiff seeks to set aside a foreclosure proceeding against his home on the basis that service was not properly effected and false evidence was provided to the state court in the context of that proceeding. He states that the foreclosure proceeding took place in 2013 while he was in the process of modifying or re-financing the loan pursuant to the Homeowners Affordability and Refinancing Plan, Executive Order. ECF No. 1 at 2. Plaintiff alleges that the Defendants accepted payment in February 2013 and had attorneys initiate foreclosure two months later. *Id.* at 1. He claims the proceedings violated his right to due process and that Defendants violated the Fair Housing Act. *Id.* at 2. Plaintiff and both Defendants named reside in

Maryland.

Under the "well-pleaded complaint" rule, *see Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014), the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint," *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95, 130 S. Ct. 1181 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010). Foreclosure actions brought under state law do not give rise to federal question subject-matter jurisdiction. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, No. 3:08-cv-00293-FDW, 2008 U.S. Dist. LEXIS 81471, at *1-2 (W.D.N.C. Sept. 3, 2008) (stating that nothing in the "simple foreclosure action of real property . . . suggests the presence of a federal question"). Thus, the instant Complaint does not state a claim that may be brought under this Court's federal question jurisdiction.

Under 28 U.S.C. §1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a) (2012). The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). The citizenship of the parties in this case are not diverse, therefore the instant action may not be maintained under this Court's diversity jurisdiction.

Even if the above-noted jurisdictional deficiencies were removed, the matter asserted may not be addressed by this Court as it seeks what is in essence appellate review of a final decision issued by a state court. Under the *Rooker-Feldman*[1] abstention doctrine, "a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).[2] "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Id.* at 391. Simply put, if Plaintiff's state law claim is barred by res judicata and collateral estoppel in the Maryland state courts, the claim is also barred in this Court.

Pursuant to 28 U.S.C. §1915(e)(2), this Court is authorized to sua sponte dismiss complaints which fail to state a claim. 28 U.S.C. §1915(e)(2)(B)(ii) (2012). By separate Order which follows, the Complaint shall be dismissed.

Dated: October 6, 2015

/s/ GEORGE J. HAZEL
United States District Judge

---

[1] *D.C. C.A. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

[2] This Court may raise the *Rooker-Feldman* doctrine sua sponte. *Jordahl v. Democratic Party*, 122 F.3d 192, 197 n.5 (4th Cir.1997).